[No. 3628.    Decided March 17, 1902.]

H. R. DODGE *et al., Respondents,* v. B. F. CORLISS, *Appellant.*

APPEAL — DISMISSAL — AUTHORITY OF SURETY COMPANY TO EXECUTE
BOND.

An appeal will be dismissed where the surety upon the bond
is a surety company which has failed to comply with the law re-
quiring such companies to procure a license from the state in-
surance commissioner authorizing it to do business in this state.

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge. Appeal dismissed.

*J. W. Robinson* and *E. H. Fox,* for appellant.

*Troy & Falknor,* for respondents.

PER CURIAM.—An order was entered in court dismiss-
ing the appeal in the above-entitled cause on the 25th day
of May, 1900, but the reasons for granting the order dis-
missing said appeal were not at the time filed in writing.
It is now considered, upon the suggestion of J. W. Rob-
inson, Esq., of counsel for the appellant in said cause,
that the reasons for said decision in writing be · filed
herein.

The motion to dismiss the appeal was based upon the
objections that the bond on appeal was executed by the
United States Fidelity & Guaranty Company, as surety,
by an agent of the company, and that at the time said
bond was executed the agent had no license from the state
insurance commissioner to execute any bond, and that
the United States Fidelity & Guaranty Company had not,
at the date of its execution of said bond, a certificate of au-
thority from the state insurance commissioner au-
thorizing said company to do business in this state.   The

superior court found the facts as stated in the objections, but approved the bond. The objections are renewed here. It is considered by the court that the said surety, the United States Fidelity & Guaranty Company, had not complied with the law requiring it to procure such certificate of authority from the insurance commissioner at the time it executed the bond, and, because of such failure to comply with the law, said company is not a qualified surety on the appeal bond, and the appeal should be, and is, therefore, dismissed.